<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SAME DAY PROCEDURES, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITEDHEALTHCARE INS. CO. a/k/a<br>UnitedHealth Group Inc., et al.,<br><br>    *Defendants*. | Civil Action No. 21-00956<br><br>**OPINION** |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court on the motion of Plaintiff Same Day Procedures, LLC ("Same Day" or "Plaintiff") to remand—or in the alternative, to sever and remand—and the accompanying request for fees. (D.E. 28-1.) Defendants Viant, Inc. and Multiplan, Inc. (collectively "Viant") opposed the motion (D.E. 44-1),[1] and Plaintiff replied (D.E. 45).[2] The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court reviewed all submissions made in support of, and in opposition to, the motion. For the reasons discussed below, Plaintiff's motion to remand is **GRANTED** and the request for fees is **DENIED**.

---

[1] Defendants NJ Building Laborers Statewide Benefit Funds, Nokia of America, Corp., SIMS Group USA Holding Corp., JPMorgan Chase & Co., Morgan Stanley, Goldman Sachs & Co., and ABM Industries Inc. have not joined in Viant's opposition or moved otherwise.

[2] Plaintiff's brief in support of its motion (D.E. 28-1) will be referred to as "Pl. Br.", Defendants' opposition brief (D.E. 44-1) will be referred to as "Defs. Opp'n Br.", and Plaintiff's reply brief (D.E. 45) will be referred to as "Pl. Reply Br.".

## I.    FACTUAL[3] AND PROCEDURAL HISTORY

Plaintiff is a healthcare provider in Clinton, New Jersey.  Am. Comp. ¶ 2.  Defendants

Multiplan, Inc. and its subsidiary Viant, Inc. are healthcare repricing companies[4] with offices in

Illinois and New York, respectively.  *Id.* ¶ 8.  Defendant United[5] is an insurance company "licensed

to do business in the State of New Jersey."  *Id.* ¶ 4.  Viant was retained by United "to conduct

unilateral 'back-end negotiations' with out-of-network surgical facilities."  *Id.*  At issue is United

and Viant's alleged underpayment for out-of-network medical services Plaintiff provided for

United patients.  *Id.* ¶¶ 1, 25.

Plaintiff asserts it was induced to provide medical services to dozens of patients by

defendants' oral "pre-authorization," a practice in which a medical provider receives approval or

confirmation from a health insurer "that a patient and/or treatment will be reimbursed, which in

---

[3] The facts of this matter derive from Plaintiff's Amended Complaint ("Am. Compl.") (D.E. 1-1).
In ruling on a motion to remand, "the district court must assume as true all factual allegations of
the complaint."  *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.
1987).

[4] Plaintiff explains repricing as follows:

> [W]ithin the managed care industry "repricing" refers to programs
> of healthcare insurers, payors and administrators to reduce standard
> fee-for-service rates of out-of-network healthcare providers. There
> are different types of repricing practices, including for example,
> complementary provider networks (paying percentage of billed rate
> per contract), silent/shadow networks (paying related provider in-
> network rate), front-end negotiation (before services rendered,
> negotiating and agreeing to rate), and controversial back-end
> negotiation (after services rendered, unilateral discounting rate).

Am. Compl. ¶ 8 n.1.

[5] "United" refers collectively to Defendants UnitedHealthcare Insurance Co.; Oxford Health
Insurance, Inc.; UnitedHealthcare of New Jersey, Inc.; UnitedHealthcare Insurance Co. of New
York; United HealthCare Services, Inc.; and UnitedHealthCare Services, LLC.  Am. Compl. ¶ 3-
7.

turn induces the provider to render services to that patient." *Id.* ¶ 25 n.2.  After the services were rendered, Plaintiff billed United the "usual, customary, and reasonable" ("UCR") fee.  *Id.* ¶ 1.  The UCR fee is the amount that an out-of-network provider—as Plaintiff is to United—charges patients "in the free market, *i.e.*, without an agreement with an insurance company or other payor to discount market rates in exchange for some form of consideration from an insurer, payor or administrator."  *Id.* ¶ 27.  Plaintiff maintains that contrary to reimbursing Plaintiff at UCR rates, United directed Plaintiff's claims to Viant for "back-end 'negotiations.'"  *Id.* ¶ 29.  Viant then understated the UCR rate, which United in turn adopted as the final price.  *Id.* ¶ 31.  Plaintiff was paid roughly twenty percent of the going UCR rate. *Id.* ¶ 1.

On November 20, 2020, Plaintiff filed an eleven-count action in the Superior Court of New Jersey, alleging the following causes of action: (1) Conspiracy; (2) Breach of Implied Contract; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment and *Quantum Meruit*; (5) Promissory Estoppel; (6) Negligent Misrepresentation; (7) Fraud; (8) Negligence; (9) Tortious Interference with Economic Advantage; (10) Conversion; and (11) Violations of the New Jersey Healthcare Information Networks and Technologies Act ("HINT") and the Health Claims Authorization, Processing and Payment Act ("HCAPPA").  On January 21, 2021, Viant removed the matter to this District based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, claiming that some of Plaintiff's claims arise under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  Thereafter, Plaintiff filed the current motion.

## II.     STANDARD OF REVIEW

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to the appropriate district court where the action is pending.  28 U.S.C. § 1441(a).  A motion to

remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded

"[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction." The party removing the action has the burden of establishing federal jurisdiction.

*Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). A district

court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve

any uncertainties about the current state of controlling substantive law in favor of the

plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In matters where

diversity jurisdiction is not alleged, removal requires that "a right or immunity created by the

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's

cause of action." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2

(D.N.J. Nov. 6, 2013) (internal quotation marks omitted).

### III.   ANALYSIS

Plaintiff advances three primary arguments in support of its motion. First, Plaintiff argues

ERISA § 502 does not completely preempt Plaintiff's state law claims. Pl. Br. at 8-35. Second,

in the event the Court finds that there is ERISA jurisdiction for some of the claims, Plaintiff asserts

that the Court should sever and remand the remaining claims. Pl. Br. at 36-37. Lastly, Plaintiff

contends that Viant should be assessed fees and costs for removing as a delay tactic. The Court

address each argument in turn.

#### A.  ERISA PREEMPTION

A complaint alleging a federal question may be removed to district court. 28 U.S.C. § 1331

("The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."). To determine whether a complaint alleges a

federal question, courts are generally guided by the "well-pleaded complaint" rule, wherein

"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff is typically "entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004). An exception to the well-pleaded complaint rule exists in complete preemption, which applies when "Congress has so completely preempted a particular area" that any complaint raising a claim in that area is "necessarily federal in character" and may be removed to federal court. *LaMonica v. Guardian Life Ins. Co. of Am.*, No. 96-6020, 1997 WL 80991, at *3 (D.N.J. Feb. 20, 1997). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

In ERISA actions, the Third Circuit distinguishes between § 502(a)[6] "complete" preemption and § 514(a)[7] "express" or "ordinary" preemption. *In re U.S. Healthcare, Inc.*, 193

---

[6] § 502(a) provides in relevant part as follows:

> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> > (1) by a participant or beneficiary--
> > > (A) for the relief provided for in subsection (c) of this section, or
> > > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a). Plaintiff does not contend that it is a participant or a beneficiary.

[7] § 514(a) provides as follows:

> (a) Supersedure; effective date

F.3d 151, 160 (3d Cir. 1999) (citing *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d

Cir. 1997)).   The distinction is important because "[u]nlike ordinary preemption, which would

only arise as a federal defense to a state-law claim, complete preemption operates to confer original

federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the

face of the complaint."   *Id.*   Thus, if ERISA completely preempts a state law claim, then a

defendant may remove to federal court "even if the well-pleaded complaint rule is not satisfied."

*Joyce*, 126 F.3d at 171.   Conversely, "if the doctrine of complete preemption does not apply, even

if the defendant has a defense of 'conflict preemption within the meaning of § 514(a) because

plaintiff's claims "relate to" an ERISA plan, the district court is without subject matter

jurisdiction.'"   *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, No. 16-

1649, 2017 WL 751851, at *6 (D.N.J. Feb. 27, 2017) (quoting *Marin Gen. Hosp. v. Modesto &

Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009)).   In sum, "complete preemption pursuant

to Section 502(a) is a matter of federal subject matter jurisdiction while conflict preemption under

Section 514 is not."   *Id.*   Here, the Court is addressing its subject matter jurisdiction.   Thus, only a

§ 502(a) inquiry is relevant.

The Third Circuit has set forth a two-pronged analysis to determine whether a state law

claim is completely preempted (and thus removable) under § 502(a): (1) the plaintiff could have

---

> Except as provided in subsection (b) of this section, the provisions
> of this subchapter and subchapter III shall supersede any and all
> State laws insofar as they may now or hereafter relate to any
> employee benefit plan described in section 1003(a) of this title and
> not exempt under section 1003(b) of this title.   This section shall
> take effect on January 1, 1975.

29 U.S.C. § 1144(a).

brought the action under § 502(a),[8] and (2) no other independent legal duty supports the plaintiff's

claim. *Pascack Valley*, 388 F.3d at 400. This test is conjunctive, meaning a state law cause of

action is preempted only if both prongs of the test are satisfied. *N.J. Carpenters & the Trs. Thereof*

*v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014). If a plaintiff does not have

standing to bring a claim under § 502, there is no federal subject matter jurisdiction. *Small v.*

*Anthem Blue Cross Blue Shield*, No. 18-399, 2019 WL 1220322, at *2 (D.N.J. Mar. 15, 2019)

(granting plaintiff's motion to remand). Generally, only a plan participant or beneficiary has

standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). "A healthcare provider, however, may

have standing to assert an ERISA claim if it has received a valid assignment of benefits."

*Brainbuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2315389, at *5 (D.N.J. May 31, 2019).

The Court finds that the second prong analysis is dispositive, and as a result does not review

the first prong.[9] The Court determines that Viant has not satisfied the second prong of the *Pascack*

*Valley* test—that no other independent legal duty support Plaintiff's claims. *Pascack Valley*, 388

F.3d at 400. The Third Circuit has explained "a legal duty is independent if it is not based on an

---

[8] Courts in this District have further divided the first prong into an additional two-step inquiry: "1(a) whether the plaintiff is the *type* of party that can bring a claim pursuant to [§ 502(a)], and 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to [§ 502(a)]." *Progressive Spine & Orthopeadics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017).

[9] Plaintiff maintains that Viant fails to satisfy the first prong because Plaintiff did not receive a valid assignment of benefits. Pl. Br. 14 (relying on *Pascack Valley*, 388 F.3d at 404 (finding "absence of an assignment [was a] dispositive" factor in concluding the provider-plaintiff could not have brought its claim under § 502(a)).) The Court notes that Viant relies on several out-of-circuit cases to argue that claim forms and direct payment are sufficient to prove assignment. Def. Opp'n Br. at 15-16. Courts in this District have found claim forms alone are insufficient proof of assignment. The Court finds *Brainbuilders* instructive, wherein the defendant relied on several claim forms and incomplete plan documents for the patients to prove assignment. 2019 WL 2315389, at *5 n.5. The court in *Brainbuilders* did not find a valid assignment "based on this limited information." *Id.* (citing *Vaimakis v. United Heatlhcare/Oxford*, No. 07-5184, 2008 WL 3413853, at *4 (D.N.J. Aug. 8, 2008)).

obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed." *N.J. Carpenters & the Trs. Thereof*, 760 F.3d 297, 303-04 (3d Cir. 2014) (internal quotations and citations omitted). Put differently, "if the state law claim is not derived from, or conditioned upon the terms of an ERISA plan, and nobody needs to interpret the plan to determine whether that duty exists, then the duty is independent." *Id.* (internal quotations and citations omitted).

In a similar case, the court in *Progressive Spine v. Empire* observed the following:

> First, Plaintiff alleges that Defendant formed an oral contract, or quasi-contract, with Plaintiff by preauthorizing the surgeries and agreeing to pay the usual, customary, and reasonable rate for the Patients' medical procedures. Second, the Patients were not parties to that alleged agreement and could not bring suit themselves for a breach of that verbal agreement. Finally, the amount of Plaintiff's recovery is determined by looking to the terms of the alleged verbal agreement as opposed to the terms of the Patients' ERISA plans. Therefore, for the same reasons discussed in *Pascack Valley*, the second complete preemption prong has not been met and [plaintiff's claims] are not a basis for subject matter jurisdiction. The amounts due to Plaintiff, if any, are not determined by the Patient's ERISA plans. Instead, the amounts are based on Defendant's verbal commitment to Plaintiff prior to Plaintiff's performing the surgeries.

2017 WL 751851, at *10.

Viant argues "it is enough [to be preempted by ERISA] if the claim merely relies on the existence of an ERISA plan." Defs. Opp'n Br. at 22-23 (citing *Shore v. Indep. Blue Cross & Indep. Health Grp.*, No. 16-5224, 2016 WL 6821944, at *3 (E.D. Pa. Nov. 17, 2016). That proposition is belied, however, by Third Circuit precedent. *See, e.g.*, *Pascack Valley*, 388 F.3d at 402 (finding no preemption even though the "[provider's] claims, to be sure, are derived from an ERISA plan, and exist only because of that plan") (internal quotations and citations omitted).

In addition, this argument appears to veer into § 514(a) express preemption as opposed to § 502(a) complete preemption. Even so, it is unavailing. The Third Circuit addressed similar arguments in *Plastic Surgery Center, P.A. v. Aetna Life Insurance Co.*, 967 F.3d 218 (3d Cir.

2020).  There, the Circuit ruled that the "mere fact that a claim arises against the factual backdrop of an ERISA plan does not mean it makes 'reference to' that plan."  *Id.* at 235 (citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995)); *see also id.* at 233 ("[T]he [payment rate] determination is as simple as checking the 'usual, customary, and reasonable ('UCR') rate . . . based on an industry-standard schedule' for the services in question[.]" (quoting *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 144 (2d Cir. 2017)).  Similarly, the Circuit determined that "[b]ecause the [Plaintiff's] claims, as pleaded, neither seek benefits due under the plans, nor require more than a cursory examination of the plans, they do not make impermissible 'reference to' the plans."  *Id.* at 235.

Viant also argues that Plaintiff is "contesting the amount of reimbursement [Defendants] allegedly paid on benefit claims submitted under various health plans."  Defs. Opp'n Br. at 24. The Court disagrees because "Plaintiff has asserted its own direct claims and causes of action, rather than derivative claims predicated on an Assignment of Benefits from a patient."  Am. Compl. ¶ 56.  To be sure, a written agreement, as in *Pascack Valley*, provides greater proof than does an oral agreement, as in here or *Progressive Spine v. Empire*.  "The Court, however, need not consider the degree of proof at this stage in the proceedings.  As a general matter, unless some specific exception such as the statute of frauds applies, an oral contract binds the parties in the same manner as a written contract."  *Progressive Spine v. Empire*, 2017 WL 751851, at *10  (citing *Baer v. Chase*, 392 F.3d 609, 620 (3d Cir. 2004)).

Accordingly, the Court finds that Plaintiff sufficiently alleges an oral contract that created an independent legal duty removing Plaintiff's state law claims from the scope of ERISA's §

9

502(a) complete preemption.  In so finding, the Court need not address Plaintiff's alternative motion to sever and remand.[10]

## B.  PLAINTIFF'S REQUEST FOR FEES & COSTS

Plaintiff also seeks fees and costs in connection with its motion to remand.  Plaintiff argues Viant removed as a front to allow United, who knows there is no basis to remove, to avoid costs. Pl. Br. at 38.  A court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has held "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Given the circumstances, the Court cannot say that Viant "lacked an objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141.  While the Court finds jurisdiction is lacking, Viant's removal of this action was based on ERISA preemption, a complicated area of law. *See Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 147 (3d Cir. 2007) ("It is no secret to judges and lawyers that the courts have struggled with the scope of ERISA preemption.").

The Court also declines to award fees because Plaintiff appears to misconstrue an important legal point.  Plaintiff seems to argue that if it could not bring a claim pursuant to § 502(a) (because it is not a participant, beneficiary, or valid assignee), it can sue Defendants in state court.  Pl. Br.

---

[10] The Court is not ruling on § 514(a) express preemption because that provision does not invoke the Court's subject matter jurisdiction nor has the argument been raised by Viant.  Yet, certain alleged causes of action—such as unjust enrichment—may be subject to express preemptions. *See, e.g.*, *Plastic Surgery Ctr.*, 967 F.3d at 239-41.

10

at 14.  Plaintiff is correct that in such a scenario, it would lack standing to bring a § 502(a) claim.

But Plaintiff is incorrect that it could then sue Defendants—based solely on Plaintiff's lack of

ERISA standing—in state court.  If Plaintiff were correct, then the exception would swallow the

rule for out-of-network providers facing a plan with anti-assignment provision.  Plaintiff could sue

in state court but could only seek relief from the participant or beneficiary who received the

medical services.  As the Third Circuit has explained:

> In cases such as [the participant's], where a plan contains an anti-assignment provision, express preemption *would leave the [out-of-network] provider with only one option*: Sue the patient, hoping that the patient either is willing or able to pay significant, unexpected costs or has the interest and wherewithal to file suit against the insurer under section 502(a).

*Plastic Surgery Ctr.*, 967 F.3d at 238 (emphasis added).  Plaintiff's mistaken argument reflects the

complexity of this area of the law.

For the foregoing reasons, Plaintiff's request for fees and costs is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds Viant has not met its burden of showing that the

Court has subject matter jurisdiction.  Accordingly, removal was not proper pursuant to 28 U.S.C.

§ 1441, and this matter is remanded to the Superior Court of New Jersey.  However, Plaintiff's

motion for fees and costs is denied.  An appropriate Order accompanies this Opinion.

Date:  3/17/2022

_____
John Michael Vazquez, U.S.D.J.